IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALONZO CURRY, #428710, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 3:11-CV-0370-K (BK) | |
| § | | |
| DANA WATERS, et al., § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for pretrial management. For the reasons set out below, it is recommended that this case be dismissed with prejudice as frivolous.

### I. BACKGROUND

Plaintiff, an inmate confined within the Texas Department of Criminal Justice (TDCJ), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against five employees of the TDCJ Parole Division: Monitor Parole Officers Dana Waters, Pruitt, and Freddie Scales; Unit Supervisor Jimmy D. Walkins, Jr.; and Regional Director Jo Dickenson. (Doc. 2 at 3.) To obtain information about the factual basis of the complaint, the Court issued a questionnaire, which Plaintiff answered. (Doc. 6.) Subsequently, Plaintiff was released from custody and is residing in Willis Port, Texas. (Doc. 7). Contemporaneously with this recommendation, the Court granted Plaintiff's motion to proceed *in forma pauperis*, initially submitted with the complaint.

The complaint and answers to the questionnaire present claims stemming from events leading to the revocation of Plaintiff's mandatory supervision or parole on December 14, 2010.

(Doc. 2 at 4; Doc. 6, Answer 2.) Plaintiff alleges Defendants Waters, Pruitt, and Scales retaliated against him, harassed him, and tampered with his monitoring device while he was on parole, triggering needless warrants and loss of work, and ultimately causing the revocation of his parole. (Doc. 2 at 4; Doc. 6, Answer 4-5, 7-8.) In addition, he alleges Defendants Walkins and Dickenson failed to investigate the arbitrary and capricious conduct of his parole officers and refused to follow policy and procedures. (Doc. 2 at 4; Doc. 6, Answer 9-10.) Plaintiff requests $100,000 in monetary damages from each Defendant. (Doc. 2 at 4.)

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory . . . ." *Id.* at 327.[1]

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, the complaint lacks an arguable basis in law and should be dismissed as frivolous. This is the second action that Plaintiff files suing parole officers and their superiors

---

[1] Because Plaintiff may no longer be a prisoner under 28 U.S.C. § 1915(h), The Court applies neither the filing-fee nor the three-strike provision of the Prison Litigation Reform Act (PLRA). *See* 28 U.S.C. § 1915(b) and (g).

for actions and omissions related to his parole supervision. *See Curry v. Dallas County, et al.*, No. 3:10-CV-1577-M (BK), 2010 WL 5564534 (N.D. Tex. Dec. 27, 2010), *recommendation accepted*, 2011 WL 96818 (N.D. Tex. Jan. 11, 2011) (dismissing case with prejudice as frivolous), *appeal pending*, No. 11-10306. Thus, Plaintiff is well aware that vague allegations and legal conclusions do not survive initial screening.

### A. No Constitutional Violation

Plaintiff filed his complaint on the form to be used by prisoners in filing civil rights actions under 42 U.S.C. § 1983. In order to state a civil rights claim cognizable under section 1983, Plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Absent either element, a claim is not cognizable under section 1983.

#### 1. Defendants Waters, Pruitt, and Scales

Plaintiff's filings, even when liberally construed, fail to allege a cognizable constitutional violation by Defendants Waters, Pruitt, and Scales. Plaintiff complains generally of due process violations stemming from harassment, retaliation, and arbitrary and capricious treatment by the Defendants. (Doc. 2 at 4.) He alleges Waters used "fa[u]lty monitor equipment" and failed to recognize his "moderate risk level," triggering three needless warrants and a one-day loss of work. (Doc. 6, Answer 4.) In addition, he alleges Pruitt refused "to change out [a faulty] monitor that keeps triggering warrant," and Scales "act[ed] like shes [sic] downloading monitor, but theirs [sic] no monitor at home location." (*Id.* Answer 7, 8.) According to Plaintiff, Waters, Pruitt, and Scales' unprofessional conduct violated policy and procedure under Section 508 of

the Texas Government Code.  (*Id.*  Answer 4, 7, 8.)

Plaintiff's general claims of due process violation fail to identify a constitutionally protected liberty or property interest, which is integral to raise a claim under the Due Process Clause of the Fourteenth Amendment.  *See Swarthout v. Cooke*, ___ U.S. ___, 131 S. Ct. 859, 861 (2011) (*per curiam*) (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989) (under two-step Due Process Clause analysis, the court asks (1) "whether there exists a liberty or property interest of which a person has been deprived," and (2) "if so . . . whether the procedures followed by the State were constitutionally sufficient").

In addition, Plaintiff fails to allege a constitutional violation stemming from his general harassment allegations.  Verbal abuse or harassment by a prison guard does not amount to an Eighth Amendment violation.  *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993)).  Throughout the events at issue, Plaintiff served his sentence on parole or mandatory supervision with an ankle monitor, residing, at least in part, in a halfway house.  Because his status was sufficiently analogous to that of a prisoner, the Court concludes that his harassment claims do not rise to a constitutional violation.  *See Curry v. Dallas County, et al.*, No. 3:10-CV-1577-M (BK), 2010 WL 5564534, at *5 (N.D. Tex. Dec. 27, 2010), *recommendation accepted*, 2011 WL 96818 (N.D. Tex. Jan. 11, 2011) (extending *Siglar* holding to Plaintiff's harassment claims against supervising parole officer).

Moreover, Plaintiff's retaliation claims are conclusory at best.  *See Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003) (to state a claim for retaliation, a litigant "must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation.").  Plaintiff mentions only

prior, unspecified "civil actions" and fails to provide a chronology of events from which this Court could plausibly infer that Defendant Waters intended to retaliate against Plaintiff. (Doc. 6, Answer 5.)

In summary, Plaintiff's claims against Defendants Waters, Pruitt, and Scales lack an arguable basis in law and should be dismissed as frivolous.

2. Defendants Walkins and Dickenson

Plaintiff sues Defendants Walkins and Dickenson, supervisory officials, for failing to investigate and follow policies and procedures governing parole supervision. (Doc. 2 at 4; Doc. 6, Answer 9,10.) An alleged failure to investigate, however, does not rise to a colorable constitutional violation. Even construing the complaint to allege a due process violation, Plaintiff fails to identify a federally protected liberty interest in having his parole supervision issues investigated and resolved to his satisfaction. *See Swarthout*, 131 S. Ct. at 861 (identifying protected liberty or property interest is integral to raising a claim under the Due Process Clause of the Fourteenth Amendment). Because Plaintiff relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate is indisputably meritless. *Cf. Rolen v. City of Brownfield, Texas*, 182 Fed. Appx. 362, 364 (5th Cir. 2006) (unpublished *per curiam*) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 582 (5th Cir. 2001) ("Failure to investigate or prosecute an offense does not give rise to § 1983 liability"); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (*per curiam*) (prisoner did not have liberty interest, of kind protected by Due Process Clause of Fourteenth Amendment, in having grievance against mail room and security staff of prison, for allegedly withholding and ultimately losing some of his mail, resolved to his satisfaction). Accordingly, Plaintiff's claims against

Walkins and Dickenson also lack an arguable basis in law and should be dismissed as frivolous.

B. *Heck v. Humphrey* Bar

Even assuming a constitutional violation against each of the Defendants named in the complaint, Plaintiff's claims are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). A ruling in Plaintiff's favor on the various claims pled against the individual defendants "would necessarily imply the invalidity" of his December 2010 parole revocation. *Id.* at 487. The Fifth Circuit Court of Appeals has extended the *Heck* doctrine to proceedings that call into question the fact or duration of parole. *See Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995); *McGrew v. Bd. of Pardons & Paroles Div.*, 47 F.3d 158, 161 (5th Cir. 1995). In such cases, the section 1983 action is subject to dismissal under *Heck* absent a showing that the confinement resulting from the parole revocation proceeding has been invalidated by a state or federal court. *Littles*, 68 F.3d at 123.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87. The *Heck* Court unequivocally held that unless an authorized tribunal or executive body has overturned or otherwise invalidated the plaintiff's confinement, his claim "is not cognizable under [section] 1983." *Id.* at 487.

Here, Plaintiff cannot satisfy the *Heck* favorable termination requirement. No court has reversed or invalidated the December 2010 revocation of his parole. A review of state court websites (Dallas County and the Texas Court of Criminal Appeals) reflects Petitioner did not file

a state habeas application challenging his December 2010 parole revocation. Therefore, unless and until his December 2010 parole revocation is called into question by a federal writ of habeas corpus, Plaintiff cannot maintain a civil action for damages seeking to undermine the events leading to his parole revocation. *See Heck*, 512 U.S. at 488-89.

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DISMISS** this action with prejudice as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

SIGNED May 18, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE